IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER B. WILSON, | : | CIVIL ACTION NO. |
| Cobb Cnty. ID # 746574, | : | 1:17-CV-01329-WSD-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| J. O. BRAITHWAITE, | : | PRISONER CIVIL ACTION |
| CITY OF ALPHARETTA, | : | 42 U.S.C. § 1983 |
| FULTON COUNTY, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff has received leave to proceed *in forma pauperis* (Docs. 3, 7), and his complaint (Doc. 1) is now ready for an initial screening.

**I.    The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" — for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Plaintiff's Complaint

Plaintiff alleges the following. Detective Braithwaite of the Alpharetta Police Department "made several false statements and perjury which has led to [Plaintiff's] false arrest and false imprisonment," in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments. (Doc. 1 at 3-4 (alleging "bad faith prosecution" and "abuse

2

of power")). Braithwaite "suggest[ed] 'fals[e]ly' " in a " 'statement of wit[]nesses' made on July-30-2015" that Plaintiff "had abandoned [a] construction project" that is at issue, apparently, in a "warrant case" in Alpharetta, No. 15070139, even though Braithwaite knew that Plaintiff was incarcerated in the Forsyth County Jail at the time because he had interviewed Plaintiff there on July 9, 2015, and he therefore knew that Plaintiff had not voluntarily abandoned the project. (*Id.* at 4, 6). "This incorrect-false statement directly caused [Plaintiff's] arrest and [subsequent] indictment" in a criminal case in Fulton County, No. 16sc14830. (*Id.* at 6). Plaintiff identifies other allegedly false statements in Braithwaite's "case supplemental," also dated July 30, 2015. (*Id.* at 6-7). He "raise[s] the following issues": (1) perjury in the first degree, (2) bad faith and malicious prosecution, (3) vindictive prosecution, (4) conspiracy against rights and (5) false statements. (*Id.* at 7).

Plaintiff seeks the following relief: (1) $100,000 in compensatory damages from Detective Braithwaite "for his unlawful conduct which has led to Plaintiff being incarcerated for over 9 months resulting in direct injury in deprivation of his liberty due to being indicted under perjured testimony," and also causing him to be denied medical treatment while incarcerated; (2) compensatory damages for emotional distress due to his "extreme mental anguish worrying about his criminal case and [the]

3

detective's false statements" and about his untreated — although unspecified — physical injuries; (3) $200,000 in punitive damages from Braithwaite "for his unlawful conduct"; and (4) a temporary restraining order and permanent injunction against his ever being prosecuted for the crimes charged in the Fulton County case. (*Id.* at 4-5).

### III.  Discussion

#### A.  Detective Braithwaite

The only Defendant against whom Plaintiff has made any specific allegation is Detective Braithwaite. But Plaintiff has not alleged a plausible claim for relief against him, as shown below.

##### 1.  False Arrest; False Imprisonment

"A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citation omitted). And when "a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 1526. "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, [accrues when] the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

But Plaintiff has not alleged that Detective Braithwaite actually arrested him, with or without a warrant. Indeed, if — as it appears from Plaintiff's complaint — there was no warrantless arrest of Plaintiff in the Alpharetta "warrant case," but rather Braithwaite obtained a warrant while Plaintiff was in custody in the Forsyth County Jail, the " 'common-law cause of action for malicious prosecution' — rather than 'the related cause of action for false arrest or imprisonment' — is the appropriate tort law analogue" in these circumstances, "where confinement is 'imposed pursuant to legal process.' " *Chancy v. Bruno*, 15-14077, 2017 U.S. App. LEXIS 2498, at *6-7 (11th Cir. Feb. 13, 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)); *see also Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996) ("Obtaining an arrest warrant is one of the initial steps of a criminal prosecution. Under these circumstances (that is, where seizures are pursuant to legal process), we agree with those circuits that say the common law tort most closely analogous to this situation is that of malicious prosecution." (internal quotations omitted)). On the facts alleged, Plaintiff may not proceed against Braithwaite for false arrest and/or false imprisonment. And, as discussed below, it appears that any malicious prosecution claim that he now brings is premature.

5

### 2. Bad Faith; Malicious Or Vindictive Prosecution

"To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010). Under Georgia law, the elements of malicious prosecution include: "(1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff." *Barnette v. Coastal Hematology & Oncology, P.C.*, 670 S.E.2d 217, 220 (Ga. Ct. App. 2008) (internal quotation marks omitted).

*Sevostiyanova v. Cobb County*, 569 Fed. Appx. 666, 668 (11th Cir. 2014); *see id.* at 668 n.2 ("a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law" (internal quotations omitted)).

It does not appear from Plaintiff's complaint that either the Alpharetta or Fulton County case has terminated in his favor; indeed, Plaintiff asks the Court to enjoin the Fulton County prosecution. But without a favorable termination, any malicious prosecution claim that Plaintiff may be attempting to bring is premature.

### 3. Perjury In The First Degree; False Statements

The Court is unaware of any basis for allowing Plaintiff to bring a 42 U.S.C. § 1983 claim against Braithwaite for perjury in the first degree, which is a criminal

offense. And a claim that Braithwaite used false statements in support of an arrest warrant is in effect a Fourth Amendment malicious prosecution claim — *see, e.g., Zargari v. United States*, 658 Fed. Appx. 501, 505-08 (11th Cir. 2016) (discussing malicious prosecution claim based in part on allegation that "the affidavit [the FBI] Agent [] signed when he obtained an arrest warrant from the magistrate judge contained several false statements") — a claim that is premature, for the reasons stated above.

### 4.    Conspiracy Against Rights

Although Plaintiff raises a conspiracy claim, he has alleged nothing to suggest that it is plausible. Most importantly, he has not alleged that Braithwaite actually conspired with anyone to violate his constitutional rights.

### B.    Enjoining Plaintiff's Prosecution: Younger Abstention

To the extent that Plaintiff seeks this Court's interference in his ongoing criminal proceedings, he has not plausibly alleged an extraordinary circumstance to justify that relief. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions," *id.* at 53, noting "the longstanding public policy" that federal courts should not intervene

7

in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief," *id.* at 43-44. A litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief," which is available only in truly extraordinary circumstances, such as those involving "bad faith or harassment." *Id.* at 49-50 (internal quotations omitted).

> In *Younger*, the Supreme Court held that federal courts should not stay or enjoin pending state court proceedings except under special circumstances. The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights. [A]bstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Turner v. Broward Sheriff's Office*, 542 Fed. Appx. 764, 766 (11th Cir. 2013) (citations omitted); *accord*, *For Your Eyes Alone, Inc v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002).

Plaintiff has given the Court no plausible basis to doubt that his state court criminal proceedings will provide him with an adequate opportunity to vindicate his federal constitutional rights, and thus no reason to take the extraordinary step of enjoining those proceedings.

Thus, Plaintiff's request for this Court's interference in his state court criminal proceedings is barred by *Younger*. *See Feagin v. 22nd Judicial Circuit Drug Task Force*, 2:15-CV-717-WKW, 2016 U.S. Dist. LEXIS 16916, at *6 (M.D. Ala. Jan. 20) (citing *Younger* and concluding that plaintiff's "Fourth Amendment claims, to the extent he seeks injunctive or declaratory relief, are due to be dismissed [because] equity, comity and federalism concerns require the court to abstain from considering such claims"), *adopted by* 2016 U.S. Dist. LEXIS 16087 (M.D. Ala. Feb. 10, 2016).

### C.  **Medical Deliberate Indifference**

Plaintiff suggests that he may have a medical deliberate indifference claim.  But any attempt here to combine his claims against Braithwaite with an Eighth Amendment claim against unnamed Defendants for medical deliberate indifference fails because he may not use a single complaint to join unrelated claims that do not *both* (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" *and* (b) involve a "question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(A)-(B).[1]

---

[1] *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 Fed. Appx. 859, 860 (11th Cir. 2010) ("Here, the district court did not abuse its discretion in dismissing [appellant's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences but instead claimed that many different

9

The Court will not entertain Plaintiff's suggestion of an Eighth Amendment claim in this lawsuit.

### D.     City Of Alpharetta And Fulton County

Finally, Plaintiff has not stated a plausible claim for relief against the City of

---

transactions and occurrences were related because they showed the defendants' overall indifference to his medical conditions.  The actions of the defendants named by [appellant] appear to be separate incidents, ranging from feeding [him] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [he] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [he] described." (citations omitted)); *Gardner v. County of Baldwin*, No. 12-00639-CG-B, 2013 U.S. Dist. LEXIS 170812, at *7-8 (S.D. Ala. Dec. 4, 2013) ("To determine whether claims arise from the same series of transactions or occurrences under Rule 20(a)(2), courts in the Eleventh Circuit apply the logical relationship test.  Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim.  In other words, there is a logical relationship when the same operative facts serve as the basis of both claims." (citations and internal quotations omitted)); *see also Smith v. Warden, Hardee Corr. Inst.*, 597 Fed. Appx. 1027, 1030 (11th Cir. 2015) ("The district court [] did not abuse its discretion when it dismissed Smith's original complaint for noncompliance with Federal Rule of Civil Procedure 20(a).  A complaint against multiple defendants must allege claims that arise 'out of the same transaction, occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants,' Fed. R. Civ. P. 20(a), but Smith's complaint alleged three unrelated claims against different officials.  Smith complained that the Warden, the supervisor of library services, and Connor interfered with his right of access to the courts in violation of the First and Fourteenth Amendments and state law; the Warden and Eugenia Wellhausen, an employee of the Department, conducted unreasonable searches of his cell in violation of the Fourth Amendment; and the Warden, Connor, and Wellhausen supplied inadequate clothing and bedding to protect inmates against the weather in violation of the Eighth Amendment. Smith's status as a *pro se* litigant did not relieve him of the obligation to comply with Rule 20(a).").

10

Alpharetta or Fulton County. "A local government may be sued under 42 U.S.C. § 1983 for depriving an individual of his constitutional rights *only if* the alleged injury is caused by an official policy or custom." *Jordan v. Gwinnett County*, 441 Fed. Appx. 761, 764 (11th Cir. 2011) (emphasis added) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). But Plaintiff's allegations do not even suggest that an official policy or custom has caused him injury. *See Iqbal*, 556 U.S. at 679 (stating that to be plausible, a claim must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct"). Indeed, Plaintiff has pled no facts at all suggesting wrongdoing by these two municipal Defendants.

## IV.   Conclusion

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED** due to Plaintiff's failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A; *Iqbal*, 556 U.S. at 678-79.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED** this 5th day of July, 2017.

                                         /s/ *J. CLAY FULLER*
                                         J. CLAY FULLER
                                         United States Magistrate Judge