# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER B. WILSON,<br><br>    **Plaintiff,**<br><br>v.<br><br>J.O. BRAITHWAITE, CITY OF ALPHARETTA, and FULTON COUNTY,<br><br>    **Defendants.** | 1:17-cv-1329-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [8] ("R&R"), recommending that this action be dismissed under 28 U.S.C. § 1915A for failure to state a claim. Also before the Court is Plaintiff Christopher B. Wilson's ("Plaintiff") Motion for Leave to File Amended Complaint [10] ("Motion to Amend").

## I.    BACKGROUND

On February 11, 2017, Plaintiff, a prisoner, filed his *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Initial Complaint"). On July 5, 2017, the Magistrate Judge screened Plaintiff's Initial Complaint and issued his R&R, recommending that this action be dismissed for failure to state a claim.

On July 14, 2017, Plaintiff's Motion to Amend, and proposed Amended Complaint, were entered on the docket.[1]

Plaintiff's proposed Amended Complaint [10] alleges that, on July 30, 2015, Defendant J.O. Braithwaite ("Braithwaite"), a Fulton County police officer, falsely stated, "in his statement of wittnesses [sic]," that Plaintiff "did not show up." (Am. Compl. at 2). Plaintiff alleges that Braithwaite's statement "suggest[ed] falsely [that Plaintiff] had abandoned the construction project [he] was doing," when, in fact, he was "incarcerated in Forsyth County Jail at the time." (Am. Compl. at 2). Plaintiff further alleges that, on July 30, 2015, Braithwaite falsely stated, in his "case supplemental," that Plaintiff "said he had to be honest with [Braithwite] as he has used rest [sic] of the money for other jobs. His hope was to complete the other jobs although he has spread money throughout various other jobs." (Am. Compl. at 2). Plaintiff also alleges that Braithwaite falsely stated, in an unnamed forum, that Plaintiff "did not use the money he received from victims for their project, hence he cannot repay them." (Am. Compl. at 3). Plaintiff states, confusingly, that he "did tell [Braithwaite that Plaintiff] would be able to complete upon [his] release and (or) be able to get [his] crew to complete project if [Braithwaite] could call them, as [Braithwaite] stated he did contact

---

[1] Plaintiff apparently executed the Motion to Amend on July 4, 2017.

[Plaintiff's] crew but never actually call[ed] them at all." (Am. Compl. at 3). Plaintiff does not explain, or elaborate on, these allegations.

Plaintiff asserts claims for "perjury 1st degree"; "breach of oath of office 5 USC 3331"; "bad faith and malicious prosecution"; "vindictive prosecution"; "conspiracy against rights (18 USC 241)"; "false statements (etc)"; intentional infliction of emotional distress; "substantive due process violations of Plaintiff's 4th, 5th and 6th Amendments"; violations of the "due process clauses of the 5th and 14th Amendments"; "deprivation of liberty of the 4th and 5th Amendments"; "state torts of false arrest and false imprisonment due to false statements"; "abuse of power as this abusive litigation in violation of due process under color of law (18 USC 242)"; "deprivation under color of law (18 USC 242)"; "fraud (18 USC 1001)"; and "unlawful seizure a violation of the th [sic] Amendment to the Constitution." (Am. Compl. at 3-5).

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted,"

3

or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" are insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Plaintiff filed his complaints *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must

comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

  B. Magistrate Judge's Report and Recommendation

  After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

## III. DISCUSSION

### A. Plaintiff's Motion to Amend

Plaintiff moved to file his proposed Amended Complaint after the Magistrate Judge issued his R&R. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 after days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. (a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's Motion to Amend is granted because it is Plaintiff's first amendment and it was filed "before the district court dismissed his complaint and before any responsive pleadings were filed." See Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (holding that the district court was required to grant plaintiff's motion to amend his complaint where it was filed "before the district court dismissed his complaint and before any responsive pleadings were filed," and where it was filed after an R&R was issued recommending dismissal on a frivolity review). Plaintiff's Amended Complaint [10] supersedes the Initial Complaint on

6

which the Magistrate Judge conducted his frivolity review. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); Gulf Coast Recycling, Inc. v. Johnson Controls, Inc., No. 8:07-cv-2143, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) ("An amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint."). The Magistrate Judge's R&R is thus moot, and the Court conducts its frivolity review of Plaintiff's newly filed Amended Complaint.

> B.  Whether Plaintiff's Amended Complaint Requires Dismissal Under 28 U.S.C. 1915A

Plaintiff's Amended Complaint is incoherent and difficult to follow. Construed liberally, it alleges that, on July 30, 2015, Braithwaite falsely stated, "in his statement of wittnesses [sic]," that Plaintiff "did not show up." (Am. Compl. at 2). Plaintiff alleges that Braithwaite's statement "suggest[ed] falsely [that Plaintiff] had abandoned the construction project [he] was doing," when, in fact, he was "incarcerated in Forsyth County Jail at the time." (Am. Compl. at 2). Plaintiff further alleges that, on July 30, 2015, Braithwaite falsely stated, in his "case supplemental," that Plaintiff "said he had to be honest with [Braithwaite] as he has used rest of the money for other jobs. His hope was to

complete the other jobs although he has spread money throughout various other jobs." (Am. Compl. at 2). Plaintiff also alleges that Braithwaite falsely stated Plaintiff "did not use the money he received from victims for their project, hence he cannot repay them." (Am. Compl. at 3). Plaintiff states, confusingly, that he "did tell [Braithwaite that Plaintiff] would be able to complete upon [his] release and (or) be able to get [his] crew to complete project if [Braithwaite] could call them, as [Braithwaite] stated he did contact [Plaintiff's] crew but never actually call[ed] them at all." (Am. Compl. at 3).

Plaintiff asserts approximately eighteen claims on the basis of these undeveloped allegations, and he does not identify which allegations support which claims. Plaintiff does not provide any information about his apparent arrest and confinement, the "construction project" about which Braithwaite allegedly testified falsely, or any of the other events referred to in the Amended Complaint. Even construing Plaintiff's allegations liberally, the Court is unable to determine the factual basis of Plaintiff's claims. Plaintiff's Amended Complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678. As a result, Plaintiff's Amended Complaint is dismissed without prejudice. <u>Id.</u> ("[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement."); see <u>Jackson</u>, 372 F.3d

at 1263 (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal," and dismissing plaintiffs' claims because their supporting allegations were "wholly conclusory, generalized, and non-specific").

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [8] is **MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 3rd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE